The cases cited to the contrary (1) relate to civil acts, done by the command of persons not having capacity to make contracts; and because such commands are in the nature of a contract, they are void. But trespasses are analogous to crimes, which femes covert and minors may be answerable for, although not personally present at the commission of them (2), (3).

 Chitty on Pleading, 65—67.—Co. Lit. 180, b. note (4). —Fitz. N. B. 179, b.

 See Com. Dig. Title Trespass, C. 1. —4 Black. Comm. 29.

 [In Bacon's Abridgment it is said, that neither an infant nor a feme covert can be guilty of a forcible entry and detainer by barely commanding one, or assenting to one to their use, because every such command or assent, by persons under these in-capacities, is void. —Bacon, Ab. Infancy, H.—The same is stated by Mr. Hargrave, in *322 nis note to Coke upon Littleton, p. 180, note 4. And Lord Coke, in his Commentary5 says, “ It is regularly true, that a feme covert cannot be a disseisoresse, by her commandment or procurement precedent, nor by her assent or agreement subsequent. —Co. Lit. 357 a., 357 b. —And so it is laid down in Fitzherberfs Matura Brevium, p. 179, G-.—So, in Chitty on Pleading, it is said neither a married woman nor an infant can be a trespasser by prior or subsequent assent.—1 Chitty, Pl. 5th Ed. 87—91.—Speaking of the statutes relating to forcible entry and detainer, Hawkins says, u It is said that an infant or feme covert may be guilty within the intention of these statutes in respect of such actual violence as shall be done by them in person, but not in respect of what shall be done by others at their command, because all such commands of theirs are void.”—Hawkins, ch. 64 § 35.—The same law is laid down by Dalton, (ch. 77. p. 200), to which Hawkins refers.—Cram. 69.—Comyn, in the place referred to in the text (Trespass, C. 1), says, “ So trespass for a battery in ravishing his wife, lies against the wife and others, for she may be assenting,” and refers to 2 Rolle, 553. C. 35. —Brooke, Rape, 2. —Ralle refers for the same doctrine to 43 Ed. 3. 23, and Brooke states briefly the case reported 44 Assises, pi. 13. Both the reports in the year books are evidently of the same case, although the name of the plaintiff in one of them seems to have been mistaken. It was trespass against husband and wife and two others, for ravishing plaintiff’s wife, and carrying away his goods. A protection was cast for the husband and wife, which, for the time being, put them out of the case, and the cause proceeded as to the others, who excepted to the action, because the wife was sued, whx could not be guilty of the ravishment. But the court would not allow the exception because she might be assenting thereto, and aiding and assisting in carrying off the goods. Nothing more was decided in this case than that the wife, being present and aiding, might commit a trespass in company with her husband, if it were not by his coercion. —Hyde vs. -s, 12 Mod. 246. —But it is said that a wife who counsels or procures, or conspires with her husband to commit a felony, though she be not present thereat, is guilty as accessory in the same manner as if she were sole. —Dalton, ch. 108. —2 Hawk. ch. 29. § 34. —Bracton, L. 3, ch. 32. § 9, 10. —1 Russell, 16. —1 Gabbett, 12. —Stamf. 26. —But Dalton and some of the modern writers speak rather doubtingly of this; and it seems to be well established that in felonies, excepting treason, murder, and crimes, which are mala in se, committed by the wife in presence of the husband, she is presumed to have acted under the coercion of the husband, and not by her own will, and is held to be not guilty, although she be more active than the husband. —Russ. & Ry. 66, 270. —1 Gab. 11, 12. —East. P. C. 559. —Lord Hale, however, says, that if it clearly appear that the wife was not drawn to the offence by the husband, but was the principal actor and inciter in it, she is guilty, as well as the husband, as the presumption will be thereby rebutted. —1 Hale, 516.—But Sir E. H. East says, that he is not aware that this dictum of Hale has been acted upon in any modern instances, and Hale {vol. 45) admits that the modern practice of presuming coercion is fittest to be followed.—Ed.]